UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Reddick, ) | Civil Action No.: 4:21-cv-04201-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| A.O. Smith Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Anthony Reddick filed this action against his former employer, Defendant A.O. Smith Corporation. Plaintiff's second amended complaint alleges his termination was (1) discrimination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq*. and (2) violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. ECF No. 23.[1] Defendant filed a partial motion to dismiss Plaintiff's Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of Magistrate Judge Shiva V. Hodges who recommends granting Defendant's motion to dismiss Plaintiff's Title VII claim. ECF No. 29. Plaintiff has filed timely objections to the R & R and Defendant has filed a reply. *See* ECF Nos. 32 & 36. The Court respectfully declines to adopt the R & R for the reasons herein.

## Legal Standards

---

[1] Plaintiff's initial amended complaint alleged discrimination under Title VII, wrongful discharge in violation of public policy ("WDPP"), and a FMLA violation. ECF No. 11. Defendant filed a motion to dismiss the Title VII and WDPP claims. ECF No. 4. This Court adopted in part the recommendation of the Magistrate Judge and granted in part Defendant's motion to dismiss, dismissing Plaintiff's WDPP claim. ECF No. 22. The Court denied in part Defendant's initial motion to dismiss as it related to Plaintiff's Title VII claim and granted Plaintiff leave to amend his complaint. *Id*. Plaintiff then filed the second amended complaint. ECF No. 23.

**I. Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II. Rule 12(b)(6)**

To be legally sufficient, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the context of surviving a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this standard requires the complaint to contain sufficient factual matter, accepted as true, to state a claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *see also Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (plaintiff

need not forecast evidence sufficient to prove elements of a claim but must allege sufficient facts to establish those elements). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party," *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141 (4 th Cir. 2018), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papason v. Allain*, 478 U.S. 265, 286 (1986) (cited favorably in *Twombly*, 550 U.S. at 555).

## Discussion

The facts of this case were summarized in the R & R. ECF No. 29. Briefly stated, Plaintiff alleges he is a black male who worked for Defendant for over 27 years and met Defendant's legitimate expectations, including maintaining a positive record of employment and supervising four employees. ECF No. 23 at ¶¶ 8–10. Plaintiff alleges he stayed out of work from November 11 until November 17, 2020,[2] because he was feeling unwell, but he and his wife both tested negative for Covid-19 during that time period. *Id*. at ¶¶ 10–15. Plaintiff returned to work on November 17, 18, and 19. *Id*. at ¶ 16. During the day on November 19, Plaintiffs wife began feeling unwell, so Plaintiff took her to the hospital after work. *Id*. at ¶¶ 17–18. Plaintiff's wife subsequently tested positive for Covid-19, and although Plaintiff tested negative for Covid-19, he quarantined due to his exposure and his need to take care of his children after they also tested positive for Covid-19. *Id*. at ¶¶ at 19, 21–22, 25. Plaintiff reported the circumstances to Defendant. *Id*. at ¶¶ 23–26. Plaintiff alleges that while he was out of work quarantining, Defendant terminated him and falsely accused

---

[2]     Unless otherwise noted, all factual events occurred in 2020

3

him of breaking Covid-19 safety protocols by not quarantining prior to November 19, 2020. *Id*. at ¶¶ 26–28. Plaintiff alleges the following: "Defendant reactively jumped at the pretextual basis to terminate Plaintiff when it did not do so with Plaintiff's white peers. There are multiple white employees that Defendant has not terminate as a result of white employees' breaches of COVID-19 safety protocols." *Id*. at ¶ 30. Plaintiff goes on to contend:

> Also in Defendant's Position Statement and exhibit produced therewith, Defendant asserts that it fired other employees, some white and some black, due to purported breaches of COVID-19 safety protocols. The facts of those terminations are distinguishable from the facts of Plaintiff's case. Defendant's own "description of violation" causing the termination for each of those terminations is pivotally different from the Plaintiff's circumstances. Each of the 'description of violation' in Defendant's Position Statement describes that the white employees were themselves sick with COVID-19 and still reported to work anyways or they were residing with a known COVID-19 positive individual and still reported to work anyways. That did not occur here; Plaintiff did not break the quarantine procedures.

*Id*. at ¶ 31.

The Magistrate Judge recommends dismissing Plaintiff's Title VII claim pursuant to Rule 12(b)(6) because Plaintiff has failed to point to appropriate comparators and because Plaintiff's claim is undermined by his allegation that both white and black employees were fired for breaching safety protocols. ECF No. 29. Plaintiff objects to the Magistrate Judge's recommendation arguing he sufficiently pled a claim for race discrimination pursuant to Title VII and that for purposes of a motion to dismiss, the Magistrate Judge has applied the wrong burden of proof. ECF No. 32. Plaintiff also argues that the terminations of the white and black employees he references are distinguishable from his termination and that multiple white employees were not terminated for breaching Covid-19 safety protocols. *Id*.

4

Title VII makes it unlawful for an employer to discharge any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, . . . 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (internal citation omitted)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002) (noting the prima facie case is an evidentiary standard, not a pleading requirement that must be satisfied in order to survive a motion to dismiss).

Plaintiff does not point to direct evidence of discrimination, and whether Plaintiff sufficiently pled the first three elements of discrimination under Title VII is not disputed. Thus, this motion turns on whether Plaintiff sufficiently alleges he was treated differently from similarly situated employees outside of the protected class. Here, Plaintiff alleges he was terminated and falsely accused of breaking Covid-19 safety protocols by not quarantining prior to November 19, 2020, which he contends was a false and pretextual basis for his termination. Plaintiff alleges multiple white employees were not terminated as a result of their breaches of Covid-19 safety protocols. He also alleges that although other black and white employees were terminated for violating Covid-19 protocols, those terminations were distinguishable from his because those employees were themselves sick and reported to work or they were residing with a known Covid-19

positive individual and still reported to work.³  Accepting these factual allegations as true, as it must at this stage, the Court concludes Plaintiff's complaint plausibly states a claim for Title VII race discrimination.  There may be a better argument that the alleged comparators are not sufficiently similar for purposes of establishing a prima facie case of discrimination at the summary judgment stage.  *See  Woods v. City of Greensboro*, 855 F.3d 639, 650–51 (4th Cir. 2017) ("The similarly situated analysis typically occurs in the context of establishing a *prima facie* case of discrimination, not at the 12(b)(6) stage.") (citing *Haywood v. Locke*, 387 Fed.Appx. 355, 358–59 (4th Cir. 2010).

## **Conclusion**

For the foregoing reasons, the Court respectfully declines to adopt the R & R [ECF No. 29] and **DENIES** Defendant's partial motion to dismiss Plaintiff's Title VII claim. [ECF No. 25].

**IT IS SO ORDERED.**

Florence, South Carolina                                                              s/R. Bryan Harwell
October 27, 2022                                                                           R. Bryan Harwell
                                                                                                       Chief United States District Judge

---

³  The R & R found Plaintiff's allegation that both white and black employees were terminated for breaking Covid-19 protocols undermines his position.  ECF No. 29 at p. 9.  This Court respectfully disagrees because Plaintiff also alleges those cases are distinguishable and Plaintiff alleges multiple white employees were not fired for breaking Covid-19 protocols.